## Alexander Miller et al.
### v.
## Lucy W. Drexel et al.

*Forcible Detainer—Agency—Lease of Real Estate—Ratification.*

1. This court declines to interfere with judgment for the plaintiffs in proceedings brought to obtain possession of certain premises, claimed by the defendants to have been leased to them by the agent of the owner thereof.

2. In such case no demand for possession is necessary previous to the bringing of suit, it not appearing that defendant was ever lawfully in possession.

[Opinion filed December 11, 1890.]

Appeal from the Circuit Court of Cook County; the Hon. S. P. McConnell, Judge, presiding.

Mr. E. H. Morris, for appellants.

Messrs. Hutchinson & Luff, for appellees.

It was not necessary to give notice to defendants before bringing this suit. The statute, Chap. 57, Sec. 2, clause third, does not require it.

The cases cited by counsel for appellants are not in point; the facts being different from those in the case at bar, and the cases arising under a different section of the statute.

Appellees, being the owners of the premises in question at the time of bringing the suit, and appellants having entered thereon without right or title (the premises being vacant and unoccupied) appellees were entitled to possession. In the case cited by counsel for appellants, 15 Ill. App. 46, the plaintiff failed to show title.

Authority to an agent to make a lease of real estate for more than one year must be in writing. Rev. Stat., Ch. 59, Sec. 2; Albertson v. Ashton, 102 Ill. 50; Chappell v. Mc-Knight, 108 Ill. 570; Maginnis v. Fernandes, 126 Ill. 228.

And a ratification of such a lease, to be valid, must be in writing. Browne on Stat. of Frauds, Secs. 14, 17.

Miller v. Drexel.

WATERMAN, J.   The only question in this case is whether sufficient proof was made or offered of a ratification by Joseph W. Drexel of an instrument, which it is claimed was made by Ava Vail as his agent, leasing certain premises to Annie M. Miller for the term of twenty years.

Drexel lived in the city of New York.   Certain witnesses testified to having seen a man in the vicinity of these premises, who was spoken to as Drexel, and who claimed to own the property, but none of the witnesses seem to have had any knowledge that the person whom they so saw was Joseph W. Drexel, the testator, who made the will under which appellees claim possession.   One witness testifies to having seen this same man at Mr. Vail's office, and to have heard Vail call him Joseph W. Drexel, but there is no evidence to show that Mr. Vail ever knew Mr. Drexel.   The witnesses all seem to have derived their information that the man whom they saw was Drexel, from persons whom it is not made to appear had themselves any acquaintance with Drexel, or any knowledge that the person whom they pointed out as Drexel was really he.   Certainly something more certain and definite than anything offered in this case is necessary in order to take away and hold for the period of twenty years the possession of valuable real property.   It not appearing that appellants were ever lawfully in possession, no demand was necessary before bringing suit.

We think the court properly excluded the lease offered and that the judgment should be affirmed.

*Judgment affirmed.*